# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MICHAEL SMART, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

THE HOME DEPOT, INC.,

    Defendant.

Civil Action No. 21-153

(Removal from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida)

## DEFENDANT HOME DEPOT USA, INC.'S NOTICE OF REMOVAL

Defendant The Home Depot, Inc. hereby files this Notice of Removal of this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court[1]:

## PROCEDURAL HISTORY

1.    Home Depot has been sued in a civil action entitled *Michael Smart v. The Home Depot, Inc.*, Case No. 21CA000296AX in the Fifth Judicial Circuit in and for Marion County, Florida (the "State Court Action").

2.    Plaintiff's Complaint was filed on February 15, 2021, and was served on Home Depot on February 19, 2021. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all

---

[1] Home Depot reserves all rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

process and pleadings on file with the Fifth Judicial Circuit in and for Marion County, Florida

are attached hereto as **Exhibit 1**.

**VENUE AND JURISDICTION**

3.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(1), 1391, 1441(a), and

1446(a), because the Fifth Judicial Circuit in and for Marion County, Florida, where the

Complaint was filed, is a state court within the Middle District of Florida, Ocala Division.

4.       As set forth more fully below, this Court has subject matter jurisdiction under 28

U.S.C. § 1332(d).

5.       All other requirements for removal here have been satisfied.

**BASES FOR REMOVAL**

**I.      THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO
28 U.S.C. § 1332(D).**

6.       The Court has original jurisdiction over this action, and the action may be

removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-

2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

7.       As set forth below, this is a putative class action in which: (1) Plaintiff alleges

there are more than 100 members in the alleged class; (2) at least one member of the proposed

class is a citizen of a different state than Home Depot; and (3) based upon the allegations in the

Complaint and the facts set forth in the Declaration of Porsche Williams (attached as **Exhibit 2**),

the claims of the putative class members exceed the sum or value of $5 million in the aggregate,

exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the

action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

2

**A.**     <u>**Plaintiff's Proposed Class Consists of More Than 100 Members**</u>

8.      In the Complaint, Plaintiff purports to seek damages on behalf of himself and an alleged class including "[a]ll persons residing within the State of Florida (1) who visited Defendant's website, and (2) whose electronic communications were intercepted by Defendants or on Defendant's behalf (3) without their prior consent." Compl. ¶ 20.

9.      Plaintiff alleges in the Complaint that the Class consists of "no less than 100 individuals." *Id.* ¶¶ 41-42.

10.      Accordingly, based on the allegations in the Complaint, the aggregate number of members of the alleged class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.**     <u>**Minimal Diversity Exists**</u>

11.      This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*") (emphasis added).

12.      Home Depot is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware, and Home Depot maintains its principal place of business in Georgia. Ex. 2, ¶ 5. Home Depot, therefore, is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

13.      Based upon the allegations of the Complaint, Plaintiff is a citizen of Florida. Compl. ¶ 5. Likewise, Plaintiff's proposed class is limited to residents of Florida. *Id.* ¶ 20.

14.      Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

3

### C.    The Amount in Controversy Requirement is Satisfied

15.     Plaintiff alleges that Home Depot has violated the Florida Security of Communications Act, Fla. Stat. § 934.01, *et seq.* ("FSCA") through the use of "tracking, recording, and/or 'session replay' software to intercept Plaintiff's and the class members' electronic communications with Defendant's website." Compl. ¶ 1. From March 2, 2020 to the present, Home Depot uses this "session replay" software anytime a consumer visits its website using a web browser. Ex. 2, ¶ 8.

16.     Plaintiff seeks remedies including (1) declaratory relief, (2) an injunction, (3) statutory damages, (4) punitive damages, and (5) attorney's fees. Compl.¶ 39-41.

17.     The FSCA provides various civil remedies for violations of the statute, including (1) injunctive or declaratory relief, (2) either actual damages or statutory damages in the amount of "$100 a day for each day of violation or $1,000, whichever is higher," (3) punitive damages, and (4) attorney's fees and costs. Fla. Stat. § 934.10.

18.     While the complete number of putative class members is yet to be determined, Plaintiff's Complaint acknowledges that the damages in this case are "potentially in the millions of dollars." Compl. ¶ 28. Home Depot's records indicate that there have been at least 63,990,946 unique visits to Home Depot's website in the past year alone from IP addresses indicating the visits originated in Florida. Ex. 2, ¶ 7. If Plaintiff's claims are successful, this means that each of these unique visits could potentially incur statutory damages of—at a minimum—$1,000, for a total of nearly $64 billion. This alone far exceeds CAFA's amount in controversy requirement.

19.     But in addition to these statutory damages, Plaintiff also seeks punitive damages. Compl. Demand for Relief (c). Punitive damages also count towards meeting the amount in controversy requirement. *See Larousse v. Hammond*, No. CV 1:18-00080-CG-N, 2018 WL 1956121, at *5 (S.D. Ala. Apr. 10, 2018), *rept. and rec. adopted*, No. CV 18-0080-CG-N, 2018

WL 1952526 (S.D. Ala. Apr. 25, 2018); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (finding CAFA's amount in controversy requirement satisfied where a potential award of punitive damages could be high enough to reach the jurisdictional minimum).

20.     Florida law states that "an award of punitive damages may not exceed the greater of: (1) three times the amount of compensatory damages awarded to each claimant entitled thereto . . . or (2) [t]he sum of $500,000." Fla. Stat. 768.73(1)(a). Based solely on the potential statutory damages, the purported class could theoretically recover punitive damages of nearly $192 billion.

21.     The potential statutory damages and punitive damages at issue in this case, taken together, total nearly $256 billion. Based on these facts, the amount in controversy of this putative class action far exceeds $5 million.[2]

## II.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

22.     The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b). Home Depot was served with the Complaint on February 19, 2021. Home Depot's deadline to remove is March 22, 2021. *See* 28 U.S.C. § 1446(b)(1) (establishing a deadline for removal of 30 days after service). Thus, Home Depot files this Notice of Removal within 30 days of its receipt through service of the Complaint.

---

[2] Home Depot reserves the right to present additional evidence concerning Plaintiff's purported damages and the other elements of Plaintiff's requested relief, including injunctive relief and attorney's fees, should Plaintiff contend that the amount-in-controversy requirement is not satisfied in this case.

23.     Pursuant to the requirements of 28 U.S.C § 1446(b)(2)(A), Home Depot is the only Defendant named in the Complaint and it consents to removal by filing this Notice of Removal.

24.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Middle District of Florida, written notice of such filing will be served by the undersigned on the Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Fifth Judicial Circuit in and for Marion County, Florida.

25.     By filing this Notice of Removal, Home Depot does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

## CONCLUSION

26.     While Home Depot believes Plaintiff's claims fail on the merits and class certification is not appropriate in this action, based on Plaintiff's allegations, the amount in controversy in this matter (including, but not limited to, alleged compensatory damages and punitive damages) exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).

27.     For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

Wherefore, Defendant Home Depot gives notice that the matter bearing case number 21CA000296AX, pending in the Fifth Judicial Circuit in and for Marion County, Florida, is removed to the United States District Court for the Middle District of Florida, and requests that the Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted this 12th day of March, 2021.

/s/ J. Theodore Schatt

J. Theodore Schatt
Florida Bar Number 0195782
**SCHATT MCGRAW RAUBA &**
**MUTARELLI, P.A.**
P.O. Box 4440
Ocala, FL 34478
Tel:    (352) 689-6520
Fax:    (352) 689-6570
E:       Ted@smrmlaw.com
          Alexandra@smrmlaw.com
          Service@smrmlaw.com


Stewart Haskins II*
Elizabeth Adler*
Misty L. Peterson*
Edward A. Bedard*
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, GA 30309
Tel:    (404) 572-4600
Fax:    (404) 572-5100
E:       shaskins@kslaw.com
          eadler@kslaw.com
          mpeterson@kslaw.com
          ebedard@kslaw.com

*Attorneys for Defendant*
*The Home Depot, Inc.*

**pro hac vice* forthcoming

3/12/2021



**GREGORY C. HARRELL ♦ Clerk of Court and Comptroller ♦ Marion County, Florida**

theodore schatt

New Search  Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 422021CA000296CAAXXX [21CA000296AX] | 02/15/2021 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 02/15/2021 | OTHER CIRCUIT CIVIL | YES | NO | |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SCOTT, EDWARD LEON | JUDGE | | |
| THE HOME DEPOT INC   Search This Party | DEFENDANT | | |
| INDIVIDUALLY AND ON BEHALF OF   Search This Party | ALSO KNOWN AS | | |
| SITUATED,   Search This Party | ALSO KNOWN AS | | |
| SMART, MICHAEL   Search This Party | PLAINTIFF | SHAMIS, ANDREW JOHN | 101754 |

**Dockets**

Page : 1   [ 10 ∨ ]

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 11 | 03/03/2021 | NOTICE OF APPEARANCE FILED BY PLTF MICHAEL SMART | 2 |
| | 10 | 02/23/2021 | SUMMONS RETURNED SERVED FOR DEFT HOME DEPOT INC | 2 |
| | 9 | 02/22/2021 | NOTICE OF APPEARANCE FILED BY PLTF MICHAEL SMART | 1 |
| | 8 | 02/16/2021 | SUMMONS ISSUED | 1 |
| | 7 | 02/15/2021 | EFILED SUMMONS | 1 |
| | 6 | 02/15/2021 | PETITION/COMPLAINT | 9 |
| | 5 | 02/15/2021 | CIVIL COVER SHEET | 3 |
| | 4 | 02/15/2021 | Payment received: $410.00 Receipt Number XX-608401 | |
| | 3 | 02/15/2021 | Assessment 1 assessed at sum $410.00 | |
| | 2 | 02/15/2021 | Judge: Assigned | |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

* Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

EXHIBIT

1

tabbies®

1/1

Filing # 122424129 E-Filed 03/03/2021 02:25:20 PM

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

MICHAEL SMART, *individually and*
*on behalf of all others similarly situated,*          CASE NO.: 21CA000296AX

     Plaintiff,          CLASS REPRESENTATION

v.

THE HOME DEPOT, INC.,

     Defendant.

_____/

### NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

     PLEASE TAKE NOTICE that Garrett O. Berg of the law firm of Shamis & Gentile, P.A.

enters his appearance in this case as counsel for Plaintiff and requests that copies of all pleadings,

motions, orders, notices, correspondence, and documents of any kind regarding the above-styled

cause be served upon said counsel.

    Date: March 3, 2021

                                   Respectfully submitted,
                                   */s/ Garrett O. Berg*
                                   **SHAMIS & GENTILE, P.A.**
                                   Garrett O. Berg, Esq.
                                   Florida Bar No. 1000427
                                   gberg@shamisgentile.com
                                   14 NE 1st Avenue, Suite 705
                                   Miami, Florida 33132
                                   Telephone: 305-479-2299

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal, which will furnish a copy to all individuals on the attached Service List.

Respectfully submitted,
*/s/ Garrett Berg*

Filing # 121891291 E-Filed 02/23/2021 11:25:47 AM

## AFFIDAVIT OF SERVICE

**State of Florida**          **County of Marion**               Circuit Court

Case Number: 21-CA-296

Plaintiff:
**MICHAEL SMART**

vs.

Defendant:
**THE HOME DEPOT, INC**

Received by Global Process Services Corp on the 18th day of February, 2021 at 12:42 pm to be served on **Home Depot, Inc C/O CSC of Cobb County, Inc/ Registered Agent, 192 Anderson St Se Suite 125, Marietta, GA 30060.**

I, Earl Gayle   CPS#122, being duly sworn, depose and say that on the **19th day of February, 2021** at **12:14 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, COMPLAINT** to: Rachel Schoenberg, Legal Assistant C/O CSC of Cobb County, Inc/ as Registered Agent at the address of: **192 Anderson St Se Suite 125, Marietta, GA 30060** on behalf of Home Depot, Inc, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: White, Height: 5:7, Weight: 130, Hair: Blonde, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 21st day of February, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

Earl Gayle   CPS#122
Process Server

Global Process Services Corp
P.O Box 961556
Miami, FL 33296
(786) 287-0606

Floretta Fitzgerald
NOTARY PUBLIC
Clayton County, GEORGIA
My Commission Expires
03/21/2024

Our Job Serial Number: ESL-2021000205
gps #21-0433

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Filed Marion Case #  21CA000296AX 02/23/2021 11:25:47 AM

Filing # 121488881 E-Filed 02/16/2021 04:12:53 PM

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

### CASE NO. 21-CA-296

MICHAEL SMART, individually and on behalf of all
others similarly situated,

CLASS ACTION

*Plaintiff,*

JURY TRIAL DEMANDED

vs.

THE HOME DEPOT, INC.,

*Defendant.*

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:   The Home Depot, Inc.
      c/o CSC of Cobb County, Inc.
      192 Anderson Street SE, Suite 125
      Marietta, GA 30060

        Each Defendant is required to serve written defenses to the Complaint or petition on: **Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this __16__ day of ____FEBRUARY____, 2021.

                                    GREGORY C. HARRELL
                                    As Clerk of the Court

                          By: *R. Buell*
                              As Deputy Clerk

Filing # 121787413 E-Filed 02/22/2021 09:30:21 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO. 2021CA296

MICHAEL SMART,
individually and on behalf of all,
others similarly situated,

                **CLASS ACTION**

   Plaintiff,

                **JURY TRIAL DEMANDED**

v.

THE HOME DEPOT, INC.,

   Defendant.

_____/

## NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

PLEASE TAKE NOTICE that Manuel S. Hiraldo of the law firm of Hiraldo P.A. enters his

appearance in this case as counsel for Plaintiff and requests that copies of all pleadings, motions, orders,

notices, correspondence, and documents of any kind regarding the above-styled cause be served upon

said counsel.

Date: February 22, 2021

             Respectfully submitted,

             **HIRALDO P.A.**
             401 E. Las Olas Boulevard, Suite 1400
             Ft. Lauderdale, Florida 33301

             */s/ Manuel S. Hiraldo*
             Manuel S. Hiraldo
             Florida Bar No. 030380
             Email: mhiraldo@hiraldolaw.com
             Telephone: 954.400.4713
             *Counsel for Plaintiff*

Filing # 121488881 E-Filed 02/16/2021 04:12:53 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

### CASE NO. 21-CA-296

MICHAEL SMART, individually and on behalf of all
others similarly situated,

CLASS ACTION

*Plaintiff,*

JURY TRIAL DEMANDED

vs.

THE HOME DEPOT, INC.,

*Defendant.*

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:  The Home Depot, Inc.
     c/o CSC of Cobb County, Inc.
     192 Anderson Street SE, Suite 125
     Marietta, GA 30060

  Each Defendant is required to serve written defenses to the Complaint or petition on:
**Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**,
within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the complaint or petition.

Dated this __16__ day of _____FEBRUARY_____, 2021.

        GREGORY C. HARRELL
        As Clerk of the Court

    By: *R. Buell*
       As Deputy Clerk

Filing # 121384160 E-Filed 02/15/2021 11:57:42 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO.

MICHAEL SMART, *individually and on*
*behalf of all others similarly situated,*

      Plaintiff,

vs.

THE HOME DEPOT, INC.,

      Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### CLASS ACTION COMPLAINT

Plaintiff Michael Smart brings this class action against Defendant The Home Depot, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.      This is a class action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"), arising from Defendant's unlawful interception of electronic communications. Specifically, this case stems from Defendant's use of tracking, recording, and/or "session replay" software to intercept Plaintiff's and the class members' electronic communications with Defendant's website, including how they interact with the website, their mouse movements and clicks, information inputted into the website, and/or pages and content viewed on the website.

2.      Defendant intercepted the electronic communications at issue without the knowledge or prior consent of Plaintiff and the Class members. Defendant did so for its own

financial gain and in violation of Plaintiff's and the Class members' privacy rights under the FSCA. Such clandestine monitoring and recording of an individual's electronic communications has long been held a violation of the FSCA. *See, e.g., O'Brien v. O'Brien*, 899 So. 2d 1133 (Fla. 5th DCA 2005).

3.      Defendant has intercepted the electronic communications involving Plaintiff and the Class members' visits to its website, causing them injuries, including invasion of their privacy and/or exposure of their private information.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful interceptions. Plaintiff also seeks damages authorized by the FSCA on behalf of Plaintiff and the Class members, defined below, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

**PARTIES**

5.      Plaintiff is, and at all times relevant hereto was, a citizen and resident of Marion County, Florida.

6.      Defendant is, and at all times relevant hereto was, a corporation that maintains its primary place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant intercepted electronic communications from and to Florida without the consent of Plaintiff and the Class members.

Plaintiff and the Class members were in Florida when Defendant's unlawful interceptions occurred, and were injured while residing in and physically present in Florida.

9.      Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## FACTS

10.     Defendant owns and operates the following website: www.homedepot.com.

11.     Over the past year, Plaintiff visited Defendant's website approximately 15 times.

12.     Plaintiff most recently visited Defendant's website on or about January 2021.

13.     Plaintiff was in Florida during each visit to Defendant's website.

14.     Upon information and belief, during one or more of these visits, Defendant utilized tracking, recording and/or "session replay" software to contemporaneously intercept Plaintiff's use and interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff.  Defendant also recorded Plaintiff's location during the visits, as well as the time and dates of each visit.

15.     Plaintiff never consented to interception of his electronic communications by Defendant or anyone else.

16.     At no point in time did Plaintiff provide Defendant, its employees, or agents with consent to intercept Plaintiff's electronic communications.

17.     Plaintiff and the putative Class members did not have a reasonable opportunity to discover Defendant's unlawful interceptions because Defendant did not disclose or seek their consent to intercept the communications.

18.     Upon information and belief, Defendant similarly intercepted the electronic communications of other individuals located in Florida who visited Defendant's website.

19.     Defendant's surreptitious interception Plaintiff's electronic communications caused Plaintiff harm, including invasion of his privacy and/or the exposure of private information.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20.     Plaintiff brings this lawsuit as a class action on behalf of all other similarly situated persons pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is defined as:

> **All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.**

21.     Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

### NUMEROSITY

22.     The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff, but may be readily ascertained from Defendant's records and is believed to be no less than 100 individuals. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice

23.     The identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records kept in connection with its unlawful interceptions.

### COMMON QUESTIONS OF LAW AND FACT

24.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.   Among the questions of law and fact common to the Class are:

(1) Whether Defendant violated the FSCA;

(2) Whether Defendant intercepted Plaintiff's and the Class members' electronic communications;

(3) Whether Defendant disclosed to Plaintiff and the Class Members that it was intercepting their electronic communications;

(4) Whether Defendant secured prior consent before intercepting Plaintiff's and the Class members' electronic communications;

(5) Whether Defendant is liable for damages, and the amount of such damages; and

(6) Whether Defendant should be enjoined from such conduct in the future.

25.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely intercepts electronic communications without securing prior consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

26.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

27.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the FSCA, Fla. Stat. Ann. § 934.03**
**(On Behalf of Plaintiff and the Class)**

30.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31.     It is a violation of the FSCA to intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any electronic communication.   Fla. Stat. Ann. § 934.03(1)(a).

32.     Further, it is a violation to intentionally use, or endeavor to use, "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]" Fla. Stat. Ann. § 934.03(1)(d).

33.     The FSCA defines "intercept" as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. Ann. § 934.02(3).

34.     The FSCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce…." Fla. Stat. Ann. § 934.02(12).

35.     Defendant violated § 934.03(1)(a) of the FSCA by intercepting Plaintiff's and the Class members' electronic communications when they visited Defendant's website.

36.     Defendant intercepted Plaintiff's and the Class members' electronic communications without their prior consent.

37.     Defendant violated § 934.03(1)(d) of the FSCA by using the unlawfully intercepted electronic communications.

38.     Plaintiff and the Class members had an expectation of privacy during their visits to Defendant's website, which Defendant violated by intercepting their electronic communications with the website.

39.    As a result of Defendant's conduct, and pursuant to § 934.10 of the FSCA, Plaintiff and the other members of the putative Class were harmed and are each entitled to "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla Stat. Ann. § 934.10(b).

40.    Plaintiff is also entitled to "reasonable attorney's fees and other litigation costs reasonably incurred." Fla Stat. Ann. § 934.10(d).

41.    Plaintiff and the Class members are also entitled to an injunction.

**WHEREFORE**, Plaintiff Michael Smart, on behalf of himself and the other members of the Class, prays for the following relief:

a.    A declaration that Defendant's practices described herein violate the Florida Security of Communications Act;

b.    An injunction prohibiting Defendant from intercepting the electronic communications of individuals visiting Defendant's website without their knowledge and consent;

c.    An award of actual, liquidated damages, and/or punitive statutory damages;

d.    Reasonable attorney's fees and costs; and

e.    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors,

individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 15, 2021

                                             Respectfully Submitted,

By:     */s/ Andrew J. Shamis*
         **SHAMIS & GENTILE, P.A.**
         Andrew J. Shamis, Esq.
         Florida Bar No. 101754
         ashamis@shamisgentile.com
         14 NE 1st Avenue, Suite 705
         Miami, Florida 33132
         (t) (305) 479-2299
         (f) (786) 623-0915

         **EDELSBERG LAW, PA**
         Scott Edelsberg, Esq.
         Florida Bar No. 100537
         scott@edelsberglaw.com
         20900 NE 30th Ave., Suite 417
         Aventura, FL 33180
         Telephone: 305-975-3320

         **HIRALDO P.A.**
         Manuel Hiraldo, Esq.
         Florida Bar No. 030380
         401 E. Las Olas Blvd., Suite 1400
         Fort Lauderdale, FL 33301
         MHiraldo@Hiraldolaw.com
         Telephone: 954-400-4713

         *Counsel for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL SMART, individually and on
behalf of all others similarly situated,

     Plaintiff,

     v.

THE HOME DEPOT, INC.,

     Defendant.

Civil Action No. _____

(Removal from the Circuit Court
of the Fifth Judicial Circuit in and for
Marion County, Florida)

## DECLARATION OF PORSCHE KELLY-WILLIAMS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

I, Porsche Williams, declare the following:

1.     I am a Senior Manager, Online Customer Experience for The Home Depot. I have been employed by The Home Depot at 2455 Paces Ferry Road, Atlanta, Georgia, 30339 since June, 2013.

2.     In connection with my position as Senior Manager, Online Customer Experience, I am familiar with the practices and policies of The Home Depot relating to the use of session replay software on The Home Depot's website as well as data and related information regarding traffic to The Home Depot's website.

3.     This declaration is based upon my personal knowledge and a reasonable inquiry into company records, and if I were to be called as a witness could competently testify about them.

**EXHIBIT**

**2**

4.      I am aware that The Home Depot was sued in a civil action entitled *Smart v. The Home Depot, Inc.*, Case No. 21CA000296AX in the Fifth Judicial Circuit in and for Marion County, Florida.

5.      At all times relevant to this matter, The Home Depot has been a corporation duly organized and validly existing under the laws of the State of Delaware, and The Home Depot maintains its principal place of business in Georgia.

6.      In connection with this matter, I have reviewed The Home Depot's records that show the total number of unique visits to The Home Depot's website from IP addresses indicating that the visits originated in Florida in a one year period from March 2, 2020 to March 11, 2021.

7.      The Home Depot's records reflect that during that time frame, there were 63,990,946 unique visits to The Home Depot's website from IP addresses indicating that the visits originated in Florida.

8.      During that time frame, The Home Depot utilized a "session replay" software to record various aspects about each user's interaction with The Home Depot's website.

[SIGNATURE ON FOLLOWING PAGE]

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 12, 2021

*Porsche Williams*

Porsche Kelly-Williams